# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# (COVINGTON)

*ELECTRONICALLY FILED*

| | |
|---|---|
| **MARK DUKES,** | ) Civil Action No. 3:23CV-28-CHB |
| | ) |
| **Plaintiff,** | ) Judge _____ |
| | ) |
| v. | ) |
| | ) |
| **FERRARA CANDY CO.,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Ferrara Candy Co. ("Ferrara" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Boone Circuit Court, the court in which this case is presently pending, to the United States District Court for the Eastern District of Kentucky (Covington). As grounds for this removal, Defendant states as follows.

1. This action was commenced on or about December 21, 2022, by the filing of the Complaint by Plaintiff Mark Dukes ("Plaintiff") in the Boone Circuit Court in Boone County, Kentucky; Case No. 22-CI-01466 (the "Complaint"). A copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff served Ferrara with a copy of the Complaint and Summons no earlier than December 29, 2022, requiring Ferrara's responsive pleading to Plaintiff's Complaint to be filed on or before January 18, 2023. Ferrara has, therefore, filed this Notice of Removal in accordance with the timing requirements of 28 U.S.C. § 1446.

3. No further pleadings have been served upon Plaintiff or Ferrara. No further proceedings have taken place in the Boone Circuit Court.

## I.   FEDERAL QUESTION JURISDICTION

4. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action involves claims under the laws of the United States—specifically, Title VII of the Civil Rights Act of 1964 and The Age Discrimination in Employment Act.

## II.   DIVERSITY JURISDICTION

### A.   THE PARTIES ARE COMPLETELY DIVERSE

5. Ferrara is an Illinois corporation with its principal place of business in Chicago, Illinois. This location serves as its nerve center from which the corporation directs, controls, and coordinates the corporation's activities. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). Accordingly, Ferrara is a citizen of Illinois. *See* 28 U.S.C. 1332(c). The same was also true at the time of the commencement of this action and on the date it was originally removed.

6. Plaintiff is a citizen of Ohio. (Compl. ¶ 1). The same was also true at the time of commencement of this action and on the date it was originally removed.

7. Because Ferrara is a citizen of Illinois and Plaintiff is a citizen of Ohio, complete diversity exists under 28 U.S.C. §1332.

### B.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

8. The amount in controversy sought in this dispute exceeds $75,000.00 exclusive of interests and/or costs.

9. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, Civ. A. No. 4:15-CV-00147-JHM, 2016 U.S. Dist. LEXIS 27590, at *10 (W.D. Ky. Mar. 4, 2016).

10. The Complaint purports to allege claims for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 and Kentucky Revised Statute ("KRS"), Chapter 344 *et seq.* and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and KRS § 344 *et seq.* Although Ferrara disputes the validity of Plaintiff's claims, Plaintiff's claims clearly exceed $75,000, exclusive of interest and costs.

11. The Complaint seeks substantial damages from Defendant, including compensatory and monetary damages for "physical injury, physical sickness, lost wages, emotional distress, and other consequential damages." Plaintiff also seeks punitive damages and to recover attorneys' fees and costs. (Compl. "Wherefore" paragraph).

12. Damages for emotional distress are recoverable as "actual damages" under the Kentucky Civil Rights Act ("KCRA") and further increase the amount in controversy above the jurisdictional threshold. *See, e.g.*, *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014). There is no statutory limit on damages for emotional distress under the KCRA. Id.

13. Additionally, the attorneys' fees Plaintiff seeks are included in the amount in controversy because KRS § 344.450 expressly allows Plaintiff to recover them if he is successful. *See, e.g.*, *Kendrick v. Std. Fire Ins. Co.*, Civ. A. No. 06-141-DLB, 2007 U.S. Dist. LEXIS 28461,

at *12 (E.D. Ky. Mar. 31, 2007) ("The Sixth Circuit recently reiterated that statutory attorney's fees are included in considering the amount in controversy") (*citing Williamson v. Aetna Life Is. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

14. Given the scope and variety of the damages available in employment cases like this one, Kentucky district courts have recognized it is a "near-certainty" that the amount in controversy in such cases exceeds the jurisdictional threshold. *See Proctor v. Swifty Oil Co.*, No. 3:112-CV-00490-TBR, 2012 U.S. Dist. LEXIS 141323, at *8 (W.D. Ky. Oct. 1, 2012); *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) ("Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement" where "Plaintiff alleges termination due to . . . discrimination, lost wages, benefits, humiliation, and embarrassment"); *Martin v. UPS Supply Chain Solutions*, Civ. A. No. 3:14-CV-00342-TBR, 2015 U.S. Dist. LEXIS 19007, at *7 (W.D. Ky. Feb. 13, 2015) ("[T]he addition of [plaintiff's] claims for emotional distress, mental anguish, humiliation, and embarrassment, plus future lost wages and attorney's fees, convince the Court of the likelihood that at least $75,000 is at stake in this case."); *Harris v. Burger King Corp.*, Civ. A. No. 3:11-CV-708-H, 2012 U.S. Dist. LEXIS 45263, at *2-3 (W.D. Ky. Mar. 29, 2012) (finding amount in controversy exceeded $75,000, despite negligible back pay damages, given plaintiff's request for *inter alia* lost wages, emotional damages, and attorney's fees).

15. Considering all of Plaintiff's alleged damages, if he were to succeed at trial, he would recover in excess of $75,000.

16. Accordingly, removal is authorized by 28 U.S.C. § 1332. Specifically, there is complete diversity among all parties of interest who are properly joined in this action, and, based on Plaintiff's Complaint in the state court action and pertinent law, it is appropriate to conclude

that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

### III. REQUIREMENTS OF REMOVAL

17. The United States District Court for the Eastern District of Kentucky, Covington Division, is the district court for the judicial district and division encompassing Boone County, Kentucky, where the state court action is pending. *See* 28 U.S.C. § 97(a).

18. This Notice of Removal was timely filed in accordance with 28 U.S.C. § 1446.

19. A copy of this Notice of Removal is being served by U.S. Mail on counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the Boone Circuit Court in accordance with 28 U.S.C. § 1446.

20. A true copy of the Complaint and all process, pleadings, and other documents served upon Defendant in this action are attached. The necessary filing fees have been paid simultaneously with the filing of this notice of removal.

21. Ferrara submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

For the foregoing reasons, Ferrara prays that this Court enter the appropriate orders to affect the removal of this case from the Boone Circuit Court to this Court.

Respectfully submitted,

/s/ Katharine C. Weber
Katharine C. Weber (83370)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
(513) 898-0050 - telephone
(513) 898-0051 – facsimile
e-mail: Katharine.weber@jacksonlewis.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 17th day of January, 2023, via regular U.S. Mail upon the following:

Michele Henry
CRAIG HENRY PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
Phone: 502.614.5962
Email: mhenry@craighenrylaw.com

AND

Evan R. McFarland
Matthew G. Bruce
THE SPITZ LAW FIRM, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax: (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff*

                                               */s/ Katharine C. Weber*
                                               Katharine C. Weber

4880-1436-7563, v. 1